IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYLVESTER BRADFORD,

        Plaintiff,                No. 2:12-cv-2904 EFB P

      vs.

L. FONG, et al.,

        Defendants.        <u>ORDER</u>

_____/

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, and a request for appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.    Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.

////

////

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**IV.    Screening Order**

Plaintiff alleges that on May 7, 2012, he heard a "pop" in his left ankle. He claims he was in extreme pain and went to the C-yard clinic, where Nurse Barnett concluded that he required an "urgent evaluation." Plaintiff's boot was removed and he was placed in a wheelchair. Barnett concluded that plaintiff had possibly ruptured a tendon. From the C-yard clinic plaintiff went to the prison hospital. He claims that he should have been treated by a doctor, but instead, was treated by defendant Miller, a registered nurse. Plaintiff claims defendant Miller was negligent because she just looked at plaintiff's ankle, gave him ibuprofen and an ace wrap, and told him to return if the pain persisted. Plaintiff claims he was allowed to put his boot back on, and walk upstairs to his upper bunk. He claims that Miller failed to properly diagnose him and should have ensured that he could no longer injure himself. The next day, plaintiff was allegedly seen by a doctor who gave him a cast and crutches, and moved him to a lower bunk on a lower tier. Plaintiff alleges he had surgery on May 11, 2012. Plaintiff blames defendant Miller for the 24 hours of pain he allegedly experienced before being seen by a doctor,  and for his injury which has purportedly resulted in a limp. Plaintiff also sues defendant

doctors, Fong and Heatley, on the grounds that they were negligent in failing to have a competent medical team in place to ensure that inmates receive adequate medical care. *See* Complaint, Dckt. No. 1.

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an

1    Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin*

2    *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

3         Here, defendants' alleged negligence does not amount to a violation of a federal

4    constitutional or statutory right. *See Farmer*, 511 U.S. at 837 (1994) ("[A] prison official cannot

5    be found liable under the Eighth Amendment . . . unless the official knows of and disregards an

6    excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference

7    describes a state of mind more blameworthy than negligence.").   Plaintiff's allegations show

8    that he promptly received medical treatment following his alleged injury on May 7, 2012, and

9    that within four days, he received surgery.  Plaintiff's allegations show that defendant Miller

10   responded to plaintiff's injury by providing him with pain medication and a wrap.  Although

11   plaintiff feels she should have done more for him, there is no indication that she acted with the

12   deliberate indifference required for an Eighth Amendment claim.  *See Estelle*, 429 U.S. at 106

13   ("Medical malpractice does not become a constitutional violation merely because the victim is a

14   prisoner.").

15        Additionally, plaintiff improperly attempts to impose liability on defendants Fong and

16   Heatley solely based on their supervisory roles.  Plaintiff may not sue any official on the theory

17   that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v.*

18   *Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to

19   § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the

20   official's own individual actions, has violated the Constitution." *Id.*  The facts alleged by

21   plaintiff fall far short of what is required to demonstrate a constitutional deprivation.

22        Accordingly, plaintiff's complaint must be dismissed for failure to state a claim upon

23   which relief may be granted.  Leave to amend would be futile because the defects in the

24   complaint could not be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d

25   494, 497 (9th Cir. 1995).

26   *////*

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Plaintiff's request to proceed *in forma pauperis* is granted.

3       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

4   accordance with the notice to the Director of the California Department of Corrections and

5   Rehabilitation filed concurrently herewith.

6       3.  Plaintiff's request for appointment of counsel (Dckt. No. 7) is denied.

7       4.  This action is dismissed for failure to state a claim.  28 U.S.C. § 1915A(b).

8   DATED: January 22, 2013.

9

10                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26