IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYLVESTER BRADFORD,

      Plaintiff,                No. 12-cv-2904 EFB P

  vs.

L. FONG, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      On January 23, 2013, the court screened plaintiff's complaint for purposes of 28 U.S.C. § 1915A. The court determined that the defendants' alleged negligence did not amount to a violation of a federal constitutional or statutory right, and that the complaint must be dismissed for failure to state a claim upon which relief may be granted. The court also determined that leave to amend would be futile because the defects in the complaint could not be cured by the allegation of other facts. Accordingly, the court dismissed the complaint without leave to amend and judgment was duly entered.

On February 6, 2013, plaintiff requested reconsideration of the order dismissing his case, arguing that he can state a cognizable Eighth Amendment claim against defendant "RN Miller" because she was on "high alert" as to plaintiff's injuries, but failed to diagnose plaintiff with an injury, causing "unnecessary pain and suffering." Dckt. No. 15. The court construes plaintiff's request as seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Through his current filing, plaintiff fails to demonstrate that he can state a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Miller, or otherwise show that he is entitled to the requested relief.

Accordingly, it is hereby ORDERED that plaintiff's request for relief from judgment (Dckt. No. 15) is denied.

Dated: March 6, 2013.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE